■ TAMCO ENTERPRISES, INC., et al., Plaintiffs, v MITSUBISHI ELECTRIC AMERICA, INC., Defendant and Third-Party Plaintiff-Appellant. OLYMPIC TOWER ASSOCIATES et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Joan Lobis, J.), entered August 5, 1992 which granted motions by the third-party defendants for dismissal of the third-party complaint, unanimously affirmed, with costs.

The IAS Court properly determined that third-party plaintiff, a remote subtenant, cannot avail itself of any provisions in the prime lease between the third-party defendants, both

because of the absence of privity *(see, Sims v Darwood Mgt.,* 147 AD2d 373), and the fact that third-party plaintiff is not a third-party beneficiary, the landlord having neither undertaken a duty to remote subtenants, nor intending to confer any benefits on remote subtenants *(see, Garland v Titan W. Assocs.,* 147 AD2d 304, 309).

We have considered the remaining arguments, and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger and Asch, JJ.